NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4394
_____

UNITED STATES OF AMERICA

v.

JOHN A. O'NEAL

Appellant

_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
District Court No.: 04-mj-01060
Magistrate Judge: Honorable Charles B. Smith
_____

Submitted Under Third Circuit LAR 34.1(a)
June 20, 2011

Before:  HARDIMAN and ALDISERT, *Circuit Judges*
and RESTANI [*] *Judge*.

(Filed:  June 22, 2011)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

---

[*]The Honorable Jane A. Restani, Judge of the United States Court of International Trade, sitting by designation.

John O'Neal appeals his conviction for unauthorized posting of material on Veterans Affairs (VA) property. We will reverse.

I

During the presidential election campaign of 2004, O'Neal submitted a request to the administration of the VA Medical Center (VAMC) asking to hold a sign on VAMC grounds stating that Senator John Kerry was unfit to serve as the Democratic candidate for President. The VAMC administration denied O'Neal's request, reasoning that the Hatch Act forbade it from sanctioning any activity directed toward the success or failure of a political candidate.

After the VAMC denied O'Neal's request to protest on premises, he appeared across the street from the VAMC facility holding a sign protesting Senator Kerry's presidential bid. O'Neal then was approached by VA Police Corporal Richard Sload, who informed him that he could not protest on VA property. O'Neal refused to move, however, contending that he was on State property. Corporal Sload then cited O'Neal for unauthorized posting of material on VA property, in violation of 38 C.F.R. § 1.218(a)(9).

O'Neal contested the citation before a United States Magistrate Judge, arguing that he was protesting on State grounds and that his prosecution violated the First Amendment. The Magistrate Judge disagreed, finding that O'Neal protested on VA property. The District Court affirmed and O'Neal filed this timely appeal.

II

O'Neal's violation of 38 C.F.R. § 1.218(a)(9) was premised upon his protest occurring on "property under the charge and control" of the VA. On appeal, the United States concedes that it failed to demonstrate that O'Neal's protest occurred on VA property. Our independent review of the record confirms that the Government failed to carry its burden. This finding invalidates the premise upon which O'Neal's conviction was based and compels reversal of the judgment of the District Court and the entry of a judgment of acquittal in favor of O'Neal. *See United States v. McKee*, 506 F.3d 225, 251 (3d Cir. 2007). An appropriate judgment follows.